## SUGARINE CO. v. WERTHAN BAG CO.

Circuit Court of Appeals, Sixth Circuit.
June 10, 1927.

No. 4668.

Trial ⬉393(4)—Judgment supported by evidence is not reversible because of recital of other evidence insufficient as basis for findings.

Recital of evidence on which findings of the trial court were based is surplusage, and not ground for reversal, though such evidence was insufficient, where the findings are supported by other evidence.

In Error to the District Court of the United States for the Western District of Kentucky; Charles I. Dawson, Judge.

Action at law by the Werthan Bag Company against the Sugarine Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Thomas E. Sandidge, of Owensboro, Ky. (W. P. Sandidge and Sandidge & Sandidge, all of Owensboro, Ky., on the brief), for plaintiff in error.

E. B. Anderson, of Owensboro, Ky., for defendant in error.

Before DENISON, Circuit Judge, and KILLITS and HICKENLOOPER, District Judges.

DENISON, Circuit Judge. The plaintiff in error, the defendant below, was vendee, and the Bag Company was vendor, in a contract for the manufacture and sale of 40,000 bags, of specified sizes, to be shipped in August, 1920. The vendor was ready, then and always thereafter, to make shipment. The vendee repeatedly requested delay, which was as often granted. The record must be considered as justifying the finding, which was made and is not complained of, that the final result as to delays and shipment was a mutual understanding that shipment would be made and accepted on March 1, 1921. In the meantime the vendee had written that it might wish to change slightly the size modifications. The vendor had said that this would be allowed upon certain price changes; but no agreement had been reached and this subject had been allowed to stand undisposed of. It was continued by vendee,

in its letter of November 5, 1920, saying: "We will take these bags just as soon as we can, and it may be when we are ready to take them that we will change the specifications." Acceptance of this right to change the specifications was indicated by vendor's letter of November 24th, asking for "specifications and shipping instructions against your contract at the earliest possible moment." On December 7 the vendor again asked to be furnished "with specifications and shipping instructions on car of burlaps due you on the contract." To this vendee replied that, just as soon as it was able to give instructions asked for, it would do so. Again on December 31, vendor asked for "specifications and shipping instructions," and vendee, on January 3, 1921, replied: "It will be possible that we will want to take different sizes than are shown on our contract. This we suppose will be perfectly agreeable to you." This was accepted by vendor with the stated expectation that "you will let us hear from you with specifications and shipping instructions." On February 19, 1921, and referring to the approaching date of shipment on March 1st, vendor said: "To the present writing we have not received specifications, and accordingly will thank you to write us by return mail, giving specifications and shipping instructions. Promptly upon receipt of same we will execute your order and make shipment." This was the end of the correspondence. Nothing more being done, the vendor brought this suit for its damages, a jury was waived, the court made findings of fact and of law, and gave judgment for plaintiff for $3,739.60, with interest from March 1, 1921.

The court found the existence of an understanding that the vendee would further specify what changes in sizes it desired. Plaintiff in error excepts to this finding, because not supported by any evidence, and hence was compelled to and did bring up all the evidence, a part of which has been recited. This body of evidence amply supported the finding in question. Indeed, assuming the correspondence to have been in good faith, it is not easy to see how any other conclusion could have been reached. Upon this correspondence, it became the duty of the vendee, either before March 1st, or otherwise promptly, to advise the vendor definitely upon this point; and, lacking such prompt advice, the vendor plainly had the right to consider the contract as broken by the vendee and to collect its damages. It is immaterial that it might also have earlier had the right to disregard the vendee's request for an opportunity to change. It took the

course which was fairer and more considerate for the vendee, and should not suffer therefor. Indeed, the nonliability of the vendee upon these facts is claimed faintly, if at all, in the argument in this court. Reversal is sought only because the two earlier letters, which the judge in his finding recited as accomplishing the new understanding for the change in specifications, were insufficient for that effect. The plaintiff in error may be right in this; but it is of no importance whether the letters which finally evidenced this understanding are or are not correctly specified in the finding. The recital of evidence therein is unnecessary and is surplusage.

The judgment is affirmed.